# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 05-21542-TLM |
| CARMEN L. WRIGHT, ) | |
| ) | ORDER DENYING |
| Debtor. ) | EMERGENCY EX PARTE |
| ) | MOTION TO LIFT |
| ) | AUTOMATIC STAY FOR TAX |
| ) | COURT PROCEEDING |
| _____ ) | |

The United States is a creditor in the above chapter 13 case which was filed on September 29, 2005, by *pro se* debtor Carmen Wright ("Debtor"). The United States filed an Emergency Ex Parte Motion for Relief From Automatic Stay for Tax Court Proceeding. *See* Doc. No. 6 (the "Motion"). In the Motion, the United States alleges that the filing is not made in good faith, that it follows several earlier, unsuccessful bankruptcy cases by Debtor including one only recently dismissed, and that the petition's filing was intended and designed to prevent a long delayed Tax Court hearing now scheduled for September 30 from occurring. The United States believes that the record in this case (which consists of the petition and Motion only) and in prior cases establishes sufficient cause for "emergency" relief from the § 362(a) automatic stay. Moreover, the Motion seeks such relief on an *ex parte* basis, without effective notice to Debtor or an opportunity for her to be heard. (The Motion was served on Debtor by regular

ORDER DENYING EMERGENCY EX PARTE MOTION TO LIFT
AUTOMATIC STAY FOR TAX COURT PROCEEDING - 1

mail according to the certificate of service, and nothing in the United States' submissions indicates any other notice to Debtor, though the United States Trustee and chapter 13 trustee were served electronically.)

Under § 362(f), the Court may grant such extraordinary relief if "necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer damage before there is an opportunity for notice and a hearing" under § 362 (d) and (e).  The United States has pleaded no such interest nor any impending "irreparable" damage.  Instead, it alleges that, if the September 30 Tax Court hearing is stayed, it might be 6 months before another hearing can be scheduled.  Delay, particularly of this magnitude, does not rise to the level necessary to obviate notice and hearing.

Federal Rule of Bankruptcy Procedure 4001(a)(2) also addresses *ex parte* relief from the automatic stay.  It provides that relief "may be granted without prior notice only if (A) it clearly appears from specific facts shown by affidavit or by a verified motion that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party . . . can be heard in opposition, and (B) the movant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons why notice should not be required."  The Motion is not supported by affidavit or verification.  More importantly, it lacks the required showing, and instead simply alleges abusive serial bankruptcy

ORDER DENYING EMERGENCY EX PARTE MOTION TO LIFT
AUTOMATIC STAY FOR TAX COURT PROCEEDING - 2

filings, and the prospect of additional delay before the long-awaited Tax Court hearing can be held.

Finally, the Court has briefly reviewed the record in the last of Debtor's several bankruptcy filings. In Case No. 05-20112-TLM, the United States brought a motion for relief from stay in order to proceed with the Tax Court hearing. It also filed a motion to dismiss the case under § 1307(c) and specifically asked therein for a prohibition on any future bankruptcy filing, alleging Debtor's propensity to file and dismiss cases in order to frustrate the conclusion of the Tax Court process. *See* Case No. 05-20112-TLM at Doc. No. 17. Thereafter, on April 26, 2005, the United States and Debtor, through their respective counsel, appeared before the Court and stipulated to the withdrawal of the motion to dismiss and the granting of the stay relief motion. *Id.* at Doc. No. 25.

While the fears of the United States may have been realized through the later dismissal of Case No. 05-20112-TLM and the filing of the instant case on the eve of the Tax Court hearing, it was within the power of the United States to address and avoid that result. Instead, it withdrew its motion to dismiss which sought a bar on a successive filing. This election made by the United States in April in Case No. 05-20112-TLM weighs against *ex parte* relief here.

The Court concludes, under the above authorities and upon the record, that the Motion is not well taken. It shall be, and is hereby, DENIED. Denial is without prejudice to the filing and prosecution of a stay relief motion in accord

ORDER DENYING EMERGENCY EX PARTE MOTION TO LIFT
AUTOMATIC STAY FOR TAX COURT PROCEEDING - 3

with § 362(d) and (e), Fed. R. Bankr. P. 4001, and LBR 4001.2. It is further without prejudice to other motions or applications the United States or other parties in interest may wish to make.

DATED: September 30, 2005



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

ORDER DENYING EMERGENCY EX PARTE MOTION TO LIFT
AUTOMATIC STAY FOR TAX COURT PROCEEDING - 4

CERTIFICATE RE: SERVICE

      A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

    Carmen L. Wright
    3025 W. Summer Ave.
    Athol, ID 83801


Case No.  05-21542-TLM (Carmen L. Wright)

Dated:  September 30, 2005

/s/ Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers


ORDER DENYING EMERGENCY EX PARTE MOTION TO LIFT
AUTOMATIC STAY FOR TAX COURT PROCEEDING - 5